RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2000 FED App. 0278P (6th Cir.)
File Name: 00a0278p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

BEVERLY M. FISHER and
JOHN B. FISHER, SR.,
　　*Plaintiffs-Appellants,*

　　　　　　　　　　　　　　　　No. 99-3012

*v.*

FORD MOTOR COMPANY,
　　*Defendant-Appellee.*

Appeal from the United States District Court
for the Northern District of Ohio at Toledo.
No. 97-07070—James G. Carr, District Judge.

Argued: June 22, 2000

Decided and Filed: August 23, 2000

Before: NELSON, BOGGS, and DAUGHTREY, Circuit
Judges.

———————————

## COUNSEL

**ARGUED:** Dennis R. Lansdowne, SPANGENBERG,
SHIBLEY & LIBER, LLP, Cleveland, Ohio, for Appellants.
Elizabeth B. Wright, THOMPSON, HINE & FLORY, LLP,
Cleveland, Ohio, for Appellee. **ON BRIEF:** Dennis R.
Lansdowne, Robert A. Marcis, SPANGENBERG, SHIBLEY

& LIBER, LLP, Cleveland, Ohio, for Appellants. Elizabeth B. Wright, THOMPSON, HINE & FLORY, LLP, Cleveland, Ohio, for Appellee. Robert C. Sanders, PARENTS FOR SAFER AIR BAGS, Washington, D.C., Leslie A. Brueckner, TRIAL LAWYERS FOR PUBLIC JUSTICE, Washington, D.C., for Amici Curiae.

--------

## OPINION

--------

BOGGS, Circuit Judge.  Beverly M. Fisher appeals the district court's pre-trial grant of partial summary judgment to Ford Motor Co. ("Ford"), as well as rulings at trial, in her diversity lawsuit against Ford.  Fisher sustained serious head injuries when the driver's-side air bag of her 1996 Ford Escort deployed during a collision.  Due to her short stature, Mrs. Fisher was seated very close to the steering column in which the air bag is contained.  She claims she did not see and did not read the warning sign posted on the sun visor cautioning drivers not to sit close to the air bag; nor did she read the driver's manual, which the visor sign advised motorists to read, containing additional information on air bags repeating that warning.

The district court granted partial summary judgment to Ford, ruling that Fisher's claim of failure to warn, due to the absence of more prominent and explicit warning signs, was impliedly preempted by the National Highway Transportation Safety Agency ("NHTSA") safety regulation requiring a uniform air bag warning sign on the sun visor. The court held that the regulatory scheme precluded alternative language on that sign or on other signs. It did, however, allow to go to the jury the question of whether Ford had a duty to post identical warning signs elsewhere in the vehicle to ensure their being observed.  The court refused Fisher's request for a jury instruction regarding an alleged duty to provide still other forms of notice to drivers concerning the risks of air bags, such as by letters, leaflets, etc. A requested jury instruction concerning Ford's alleged knowledge of the added risks to

Fisher's third and last claim is that additional post-marketing warnings were made obligatory for a reasonable manufacturer by virtue of Ford's own internal discussions of risks to short drivers "in early 1996." Brief for Appellants at 30.  But sworn trial testimony indicated that such internal discussions only began at Ford in May 1996 and were still ongoing, inconclusively, towards the end of that year.  Ford was investigating, but did not "know," of the risks to short drivers. Moreover, Fisher's repeated assertions that testimony by Ford employees indicate that Ford was aware of the risks to short-statured drivers mis-characterizes their testimony, which repeatedly refuses to accept that suggestion and insists instead that what was known was the danger of sitting in close proximity to the air bag, regardless of the driver's stature. The court's refusal to charge the jury on this claim was grounded in its sound discretion as to what a reasonable jury could conclude from the evidence presented.  In sum, none of the district court's decisions as to the instructions it gave the jury involved clear error of law or of fact, and hence the instructions given did not involve an abuse of its discretion.

### III

For the foregoing reasons, the judgments of the district court are, in all respects,  **AFFIRMED**.

and hence there was no abuse of discretion.  The denial of the motion for a new trial should be affirmed.

### C

Fisher complains that the district court's jury instructions incorrectly stated Ohio law, and that it erred in denying a requested instruction.  "The standard on appeal for a court's charge to the jury is whether the charge, taken as a whole, fairly and adequately submits the issues and applicable law to the jury." *United States v. Martin*, 740 F.2d 1352, 1361 (6th Cir. 1984).  "Because the correctness of jury instructions is a question of law, we review de novo a district court's jury instructions." *Jones v. Federated Financial Reserve Corp.*, 144 F.3d 961, 966 (6th Cir. 1998).  A district court's refusal to give a specific requested jury instruction, however, is reviewed for abuse of discretion. *See United States v. Frost*, 914 F.2d 756, 764 (6th Cir. 1990).  Contrary to the statement made by Brief of Defendant-Appellee, at 53, there is no support in *Jones*, 144 F.3d at 166, for the proposition that "[a] district court's failure to give a requested jury instruction is subject to *de novo* review."

Fisher complains about the district court's jury instructions in three respects.  First, the court limited its instruction regarding the claim of inadequate warning to comport with its earlier finding that additional labels could only contain the same language as mandated on the sun visor labels.  But Fisher's argument that state law on inadequate warning could require a reasonable manufacturer to do otherwise runs afoul of the implied preemption, discussed *supra*, created by NHTSA regulations.  Second, the trial court's instructions did not advert to Fisher's contention that Ford could and should have communicated the risks to short drivers by other means, such as notification letters, advertising, a pocket guide, etc.  But the issue before the jury was whether Ford's posting of the federally mandated sun-visor warning labels was sufficient to constitute "reasonable care," not whether other means would have also been reasonable or possibly even preferable.

short-statured drivers was also refused, on the ground that the evidence did not establish such knowledge.  Fisher contends that each of the district court's adverse rulings was erroneous.

For the reasons that follow, we affirm the rulings of the district court.

### I

Beverly Fisher is a woman in her seventies whose height is 5'1".  In 1996, she purchased a new Ford Sable that was equipped with air bags on both the driver's and passenger's sides.  She was injured on November 29, 1996, while driving, when her air bag deployed during a low-speed collision.  Because of her short stature, in order to drive comfortably Mrs. Fisher would generally sit very close to the steering wheel, and had adjusted her seat almost to the maximum forward position permitted by the slide track on which the seat rides.  The force of the air bag's deployment from the steering column into her face at such close range slammed her head back against the seat, causing a skull fracture and brain hemorrhaging, which resulted in lengthy hospitalization and rehabilitation, and continuing neurological damage.  She also suffered a right-arm fracture.  It is uncontested that her injuries were caused by the air bag's deployment, rather than by the impact of the collision.

Mrs. Fisher contends that Ford knew of the risk to short drivers who must sit close to the air bag, and should have warned her of the danger.  The standard safety instructions on the federally mandated warning mounted on the sun visor cautions drivers not to sit too close to the air bag, but does not warn drivers who are short in stature of the special risk to them, nor was the warning displayed anywhere else, for example on the steering column, where she could have read it more easily.  She contends that the lack of additional warnings located elsewhere in the vehicle, which could also warn short drivers of special risks to them, constituted tortious failure to warn, and product defect due to inadequate warning, under Ohio law.

The air bag warning required by Federal Motor Vehicle Safety Standard ("FMVSS") 208 reads as follows:

CAUTION, TO AVOID SERIOUS INJURY:
For maximum safety protection in all types of crashes, you must always wear your safety belt
Do not install rearward-facing child seats in any front passenger seat position
Do not sit or lean unnecessarily close to the air bag
Do not place any objects over the air bag or between the air bag and yourself
See the owner's manual for further information and explanations.

Fisher testified that she had never seen or read the visor warning sign, nor did she read the owner's manual's discussion of the proper use and dangers of air bags.

## II

### A

The district court granted partial summary judgment to Ford on the issue of partial preemption. Fisher had argued that Ford's compliance with federal standards, by posting the visor warning, fails to satisfy Ohio law on inadequate warning. Ford claimed that the federal standard preempts any additional state law standard, notwithstanding an explicit exemption from preemption for common law claims. The district court held that NHTSA's safety regulation, requiring a uniform warning sign on the sun visor, impliedly preempted any duty under state law to post additional signs with alternative or more expansive language.

We review a district court's grant of summary judgment de novo. *See, e.g., Hartsel v. Keyes*, 87 F.3d 795, 799 (6th Cir. 1996). Such a judgment is affirmed "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P.

to place other warning labels, with different language (e.g, emphasizing risk to short drivers) elsewhere in the vehicle; the district court had ruled that only warning labels identical to the sun visor's would have been permitted, to guard against "information overload" and the potential for a resulting disregard of all the warning labels by consumers. Against this earlier ruling, made when partial summary judgment was granted to Ford, Fisher pointed to a letter written by NHTSA General Counsel Frank Spears to the Parents for Safer Air Bags. The letter appears to be undated, but indicates that it is a response to that group's letter of September 23, 1998. In it, Spears writes that "[t]he standard [208] did not prohibit vehicle manufacturers from placing other accurate information concerning air bags or seat belts in locations in the vehicle other than the sun visor." The district court's denial of a motion for new trial did not comment on this matter.

Nevertheless, its denial of the motion should be upheld. First, the General Counsel's opinion is not legally binding on the courts. *See Chambers v. Ohio Dep't of Human Servs.*, 145 F.3d 793, 803 (6th Cir. 1998) (holding that when an agency "has not cemented its interpretation in the form of binding regulations, its interpretation may not be 'entitled to *de facto* binding effect through judicial deference.'") (quoting *Management Recruiters Int'l, Inc. v. Bloor*, 129 F.3d 851, 856 (6th Cir. 1997)). Second, the letter in question was written two years after Fisher's accident, and also pertained to a different hypothetical warning (risks to children). Ford's response to Fisher's motion cited the NHTSA website's caution regarding the use of such interpretation letters: "In attempting to use these interpretations to resolve a question, please be aware that they represent the views of the Chief Counsel based on the facts of individual cases at the time the letter was written. . . . Further, the Agency's standards and regulations change from year to year, and past interpretations may no longer be applicable." The district court's implicit rejection of the argument that this letter should be given retroactive legal effect did not involve a clear error of law,

only when there is a complete absence of fact to support the verdict, so that no reasonable juror could have found for the nonmoving party." *Moore*, 171 F.3d at 1078. The standard used by this court is thus "identical to the one used by the district court." *Phelps v. Yale Sec., Inc.*, 986 F.2d 1020, 1023 (6th Cir. 1993).

We review for abuse of discretion a district court's denial of a motion for a new trial. *See King v. Ford Motor Co.*, 209 F.3d 886, 895 (6th Cir. 2000). Fisher contends that when such a motion is appealed together with the appeal of summary judgment, the denial of a motion for a new trial should be reviewed under the same standard as the grant of summary judgment, *i.e.*, de novo, and cites for this proposition *Perez v. Aetna Life Ins. Co.*, 96 F.3d 813, 819 (6th Cir. 1996). However, the latter case holds only that the same de novo standard should apply when summary judgment and a Rule 59(e) motion (motion to alter or amend judgment) are on appeal together. Its holding does not extend to all Rule 59 motions.

Fisher argued that Ford had been advised by NHTSA of a driver's death in a 1996 or 1997 Sable due to a *malfunctioning* air bag, and had neither acted on that knowledge nor brought it to the attention of the court during discovery. The district court rejected the argument, finding (a) that Ford had not, in fact, received such notice, and (b) that the malfunctioning air bag in the death in question bore no resemblance to the situation at bar (the death was caused by the air bag's failure to deflate). The district court's sound discretion in denying the motion on those grounds was not abused; no clear error of fact or of law was made. *See United States v. Hart*, 70 F.3d 854, 859 (6th Cir. 1995), *cert. denied*, 517 U.S. 1127 (1996).

However, the district court addressed, in its ruling against those motions, only one of Fisher's arguments. The other argument was that Fisher's presentation of the case to the jury had been severely hampered by the district court's ruling that Standard 208 impliedly preempted the manufacturer's ability

56(c). Evaluating the judgment on appeal, this court views the evidence in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The effect of FMVSS 208, which mandates sun-visor warning labels concerning air bags, as quoted *supra*, is governed by 49 U.S.C. § 30103(b)(1), which reads in relevant part:

> When a motor vehicle safety standard is in effect under this chapter, a State or political subdivision of a State may prescribe or continue in effect a standard applicable to the same aspect of performance of motor vehicle or motor vehicle equipment only if the standard is identical to the standard prescribed under this chapter.

The same section has a savings clause: "Compliance with a motor vehicle safety standard prescribed under this chapter does not exempt a person from liability at common law." 49 U.S.C. § 30103(e).

Accordingly, the district court held that state tort law, and Fisher's inadequate warning claim, were not expressly preempted. It then asked whether ordinary principles of implied preemption applied. Analyzing the purposes and regulatory commentary on the safety regulations in question, the district court held that state law could not require alternative warning labels containing different language than that mandated by NHTSA; any such state law duty to warn is, the court held, impliedly preempted.

To this extent, the district court's approach to this case anticipates, and comports with, the Supreme Court's recent decision in *Geier v. American Honda Motor Co.*, 120 S. Ct. 1913 (2000). In that case the Court held that, absent express preemption by the National Traffic and Motor Vehicle Safety Act, and despite the safe harbor it creates for common law tort actions, ordinary preemption principles nevertheless can apply to bar a suit against a manufacturer who had adhered to, but did not go beyond, federal safety standards concerning air

bags. Although *Geier*'s holding, which dealt with the absence of an air bag, is not directly on point, the Court's preemption analysis supports the district court's decision in the instant case.

However, the district court's application of implied preemption to Fisher's claims, and its holding in favor of Ford on the motion for summary judgment, appealed by Fisher, was in fact quite limited. The district court found that although NHTSA policy does preclude placing any air bag warning labels with language different than FMVSS 208 requires on the obligatory sun visor label, it does not necessarily preclude the placement of additional warning labels elsewhere in the vehicle, so long as their language is identical to the sun visor's warning. The court ruled that it was for the jury to decide whether, by lack of such additional identical labels placed elsewhere, and/or by additional language in the owner's manual, Ford had failed to provide Fisher with adequate warning as required by Ohio Rev. Code 2307.76, and whether the lack of such labels was the proximate cause of Fisher's injury. The jury found against Fisher on that inadequate warning claim, and on the defective design claim as well.

The only issue on appeal with respect to the summary judgment motion partially granted to Ford is whether additional labels, placed elsewhere in the vehicle than on the sun visor, could contain language different than that mandated by FMVSS 208, *e.g.*, to warn drivers of short stature about added risks to them. However, as the district court reasoned, echoing the published regulation, NHTSA policy indicated that NHTSA thought of its warning language as not simply the minimum, but as the sole language it wanted on the subject. NHTSA feared "information overload," i.e., that additional warnings would distract from the warnings it had determined were critical, leading consumers not to focus properly on the latter. It was also concerned that additional warnings might simply lead people to pay no attention to any of them. *See* Rules and Regulations, Department of Transportation, National Highway Traffic Safety

Administration: Federal Motor Vehicle Safety Standards; Occupant Crash Protection, 58 FR 46551, 46554 (Sept. 2, 1993) ("additional statements . . . would contribute to an 'information overload,' thereby diluting the impact of the most important information").

Whether the district court was correct in holding that a possible duty to warn by means of additional, identical labels, alternatively placed, is not impliedly preempted by the NHTSA scheme, is not the question before us.[1] In its more limited ruling that additional and *different* warning labels are preempted, we hold that the district court correctly stated the law.

**B**

One branch of Fisher's post-verdict motion, which as a whole was denominated a "Motion for Judgment Notwithstanding the Verdict or New Trial," was not preserved by a preceding motion for judgment as a matter of law after the close of the evidence, as Fed. R. Civ. P. Rule 50(b) requires. The district court took note of this, indicating that Fisher's ability to move for judgment notwithstanding the verdict was foreclosed by that failure. However, a motion for a new trial was also before the district court, and it applied the same analysis to reject both motions on their merits.

"Since it involves a question of law, this court reviews de novo a district court's denial of a motion for judgment as a matter of law (motion for a directed verdict), and of a renewed motion for judgment as a matter of law (motion for judgment notwithstanding the verdict)." *Pouillon v. City of Owosso*, 206 F.3d 711, 719 (6th Cir. 2000) (citing *Moore v. Kuka Welding Systems & Robot Corp.*, 171 F.3d 1073, 1078 (6th Cir. 1999)). "Judgment as a matter of law is appropriate

---

[1] Ford raises this issue in its brief, but as Fisher correctly argues, this court has no jurisdiction over such a cross-assignment of error when no cross-appeal has been filed pursuant to Fed. R. App. P. 4(a). *See Francis v. Clark Equip. Co.*, 993 F.2d 545, 552-53 (6th Cir. 1993).