Letha STEWART, Plaintiff,

v.

GENERAL MOTORS CORPORATION,
Defendant.

Civil Action No. 3:98 CV–790–H.

United States District Court,
W.D. Kentucky,
At Louisville.

Sept. 16, 2002.

Katkleen M. Flynn, Segal, Stewart, Cutler, Lindsay, Janes & Berry, Kenneth L. Sales, Sales, Tillman & Wallbaum, Louisville, KY, for Plaintiff.

Scott C. Wilhoit, Clark, Ward & Cave, Louisville, KY, for Intervenor Plaintiff.

D. Craig York, Woodward, Hobson & Fulton, Louisville, KY, Daniel P. Orie, Thomas J. Sweeney, Echert, Seamans, Cherin, and Mellott, Pittsburgh, PA, for Defendant.

## MEMORANDUM OPINION

HEYBURN, Chief Judge.

Plaintiff, Letha Stewart, alleges strict products liability, negligence, and breach of warranty claims against Defendant General Motors Corporation arising from her injuries in an auto accident. Specifically, Plaintiff contends that Defendant defectively designed the air bag in her vehicle, and failed to adequately warn her of the dangers associated with air bag deployment. Defendant argues that Plaintiff has no evidence that the air bag was defectively designed and no evidence casually linking her injuries to the defective nature of the air bag or its warnings. Defendant also argues that Plaintiff's inadequate warning claims are preempted by federal law. After considering the issues raised by the parties, the Court concludes that Defendant is entitled to summary judgment.

### I.

In November 1997, Plaintiff purchased a used 1996 Buick Century from Fern Creek Motors. The vehicle was manufactured by Defendant and equipped with a driver's side air bag. On December 10, 1997, while driving to an appointment in the course of her employment as a home health care aide for Olsten–Kimberly Quality Care,[1]

---

1. Olsten–Kimberly Quality Care intervened as a plaintiff in this action claiming subrogation rights pursuant to KRS 342.700. Its claim depends entirely on the outcome of the Plaintiff's claims against Defendant.

Plaintiff was struck by Joseph Rauschenbach's vehicle. Plaintiff and Mr. Rauschenbach sustained severe injuries which required hospitalization. Both vehicles were totaled.

Plaintiff's air bag deployed during the collision. Although Plaintiff does not recall whether she was wearing her seat belt at the time of the collision, Anthony Wight, the first paramedic to approach Plaintiff at the accident scene, testified that Plaintiff was not wearing her seat belt and that she later confirmed this fact to him during a subsequent meeting. Plaintiff also does not recall reading or seeing any warnings associated with her air bag prior to the accident. At the time Plaintiff's vehicle was manufactured, however, Federal Motor Vehicle Safety Standard ("FMVSS") 208 required a specific warning be placed in vehicles with driver's side air bags. The federally mandated warning label was found on the front of Plaintiff's sun visor mirror cover, the statutorily required location. The warning provided:

### CAUTION: TO AVOID SERIOUS INJURY:

For maximum safety protection in all types of crashes, you must always wear your safety belt.

Do not sit or lean unnecessarily close to the air bag.

Do not place any objects over the air bag or between the air bag and yourself.

See the owner's manual for further information and explanations.

**2.** It is clear, however, that Defendant did not place it there at the time of manufacture, and it was never required equipment for Plaintiff's vehicle. Plaintiff does not allege that the presence of the second warning had any effect on her since she does not recall ever seeing or reading it prior to the accident. The second warning, therefore, is not relevant to Plaintiff's inadequate warning claims against Defendant.

A second warning label was also found affixed to the driver's sun visor, directly above the mirror. The second label states:

**DEATH OR SERIOUS INJURY** can occur

- Children 12 and under can be killed by the air bag
- The BACK SEAT is the SAFEST place for Children
- NEVER put a rear—facing child seat in the front
- Sit as far back as possible from the air bag
- ALWAYS use SEAT BELTS and CHILD RESTRAINTS

This particular warning was not original equipment on Plaintiff's vehicle. Federal law required such warning only for vehicles manufactured on or after February 25, 1997, that were equipped with a passenger side bag. Plaintiff's vehicle did not meet either requirement. It is unknown who placed this second label on Plaintiff's vehicle.[2]

Plaintiff does not contend that Defendant caused the collision, but rather, that Defendant's defective air bag caused her to suffer facial, cranial and neck injuries she would not have otherwise suffered. Plaintiff's complaint alleges separate claims for strict products liability, negligence and breach of warranty. Each claim, however, is predicated on Plaintiff's theory that Defendant defectively designed the air bag and failed to adequately warn her of the dangers associated with air bag deployment. The parties have engaged in fairly extensive discovery since Plaintiff filed her Complaint almost four years ago. Defendant now moves for summary judgment.[3]

**3.** On June 5, 2002, the Court entered an order allowing Plaintiff to amend her expert witness disclosure to add two additional experts, a blood spatter expert and an accident reconstructionist, to refute Defendant's experts' opinions that her injuries resulted from her hitting the hood of the other driver's vehicle. Defendant moved for reconsideration of the June 5th Order. Although the Court has not decided that motion, its outcome is of no

## II.

The Court first addresses Plaintiff's defective design claim.[4] In design defect cases, "Kentucky imposes strict liability when the 'design itself selected by the manufacturer amounted to a defective condition which was unreasonably dangerous.'" *King v. Ford Motor Co.*, 209 F.3d 886, 893 (6th Cir.2000) (citation omitted). However, "proof that technology existed, which if implemented would feasibly have avoided a dangerous condition, does not alone establish a defect." *Brock v. Caterpillar, Inc.*, 94 F.3d 220, 224 (6th Cir.1996) (citation omitted). To prevail in a product design action, a plaintiff must prove something more than it was "theoretically probable that a different design would have been feasible." *Bush v. Michelin Tire Corp.*, 963 F.Supp. 1436, 1441 (W.D.Ky. 1996) (citation omitted).

Plaintiff contends that the untethered nature of the air bag made it unreasonably dangerous, and therefore defective.[5] However, the Court can find no expert opinion to support such a contention. William Rosenbluth, Plaintiff's engineering expert, concluded only that: "[t]he driver air bag is a relatively long-throw, untethered air bag," (Report of Rosenbluth, p. 2), and "[i]nternal tethers, which were well understood when this car was designed, . . . would have restricted the throw of this air bag" (Report of Rosenbluth, p. 7). Absent from Mr. Rosenbluth's report is any comparison between the tethered and untethered air bag. Even if Rosenbluth believed that an untethered bag caused greater injury in these circumstances, that falls far short of

proving that it is unreasonably dangerous. However, Mr. Rosenbluth does not address this issue. Absent from Mr. Rosenbluth's report is any opinion explaining why the "relatively" long-throw, untethered air bag was defective or unreasonably dangerous. Thus, even when the evidence is viewed in a light most favorable to Plaintiff, it establishes only that it was theoretically possible for Defendant to use a different type of air bag in Plaintiff's vehicle, not that the type of air bag actually used was defective or unreasonably dangerous. Plaintiff has failed to produce any evidence that Defendant placed a defectively designed air bag in her vehicle. Accordingly, Plaintiff cannot substantiate the most basic element of her defective design claim—that the air bag was actually defective.

Even if the Court assumes that all untethered air bags are defectively designed, Plaintiff still cannot prevail. Under Kentucky law, the plaintiff in a defective design action must produce evidence to "justify a reasonable inference of probability rather than a mere possibility that the [alleged design defects] were responsible" for her injuries. *Hersch v. U.S.*, 719 F.2d 873, 878 (6th Cir.1983) (citations omitted). Plaintiff argues that her injuries would have been less severe if Defendant had equipped her vehicle with a tethered air bag. However, the Court cannot find any evidence to support this contention. Plaintiff does not offer any expert opinion that explains how a tethered air bag would have prevented or minimized her injuries or how her injuries were enhanced by the

consequence here because for the purposes of summary judgment Defendant does not challenge Plaintiff's allegations that her injuries resulted from contact with the air bag.

4. Plaintiff does not argue that the air bag suffered from a manufacturing defect. Indeed, such an argument would be fatal since Plaintiff's expert, William Rosenbluth, concluded that there was no evidence that Plaintiff's air bag malfunctioned.

5. Tethers are cloth strips that are sewn on the inside of the air bag to limit rear-ward movement during the inflation process.

untethered nature of her air bag. She relies only on the conclusory arguments of counsel to establish this vital element. Without an expert opinion, however, the jury would have to speculate on how the untethered nature of the air bag enhanced Plaintiff's injuries. Such speculation in these circumstances is impermissible. Plaintiff has not met her burden on the element of causation, and her defective design claim fails for this reason as well.

## III.

The Court now turns to Plaintiff's failure to warn claim. Plaintiff contends that the language of the federally mandated sun visor warning in her vehicle was inadequate, or alternatively, that Defendant should have placed the federally mandated warning in better locations throughout the vehicle, such as the dashboard or steering column. Defendant says that Plaintiff's defective warning claim is preempted by FMVSS 208. Even in the absence of preemption, Defendant argues Plaintiff has no evidence linking Defendant's failure to warn to the cause of any enhanced injury.

■ The National Highway Traffic Safety Administration ("NHTSA") promulgated FMVSS 208 under the authority of the National Traffic and Motor Vehicle Safety Act, 49 U.S.C. § 30101 *et. seq.* ("the Act"). The Act expressly preempts any state "safety standard" that is not identical to any federal standard regulating the same issue. 49 U.S.C. § 30103(b). However, the Act also contains a saving clause which specifically provides that "[c]ompliance with a motor vehicle safety standard prescribed under this chapter does not exempt a person from liability at common law." 49 U.S.C. § 30103(e). While the saving clause does "remove tort actions from the scope of the express pre-emption clause," it "does *not* bar the ordinary working of conflict pre-emption principles." *Geier v. American Honda Motor Co. Inc.,* 529 U.S. 861, 869, 120 S.Ct. 1913,

146 L.Ed.2d 914 (2000) (emphasis in original). Therefore, common-law actions are preempted only to the extent that they "actually conflict" with the federal requirements. *See id.* at 872, 120 S.Ct. 1913.

■ Accordingly, Plaintiff's inadequate warning claims are not expressly preempted by the Act. Her claims are preempted only to the extent that they actually conflict with the standards of FMVSS 208. Plaintiff first alleges that the language of the warning in her vehicle was inadequate because it did not sufficiently inform her of the risks associated with air bag deployment. Michael Wogalter, Ph.D., Plaintiff's human factors specialist, opined that the warning "on the subject 1996 Buick Century fails to communicate the concept that everyone should be out of the path of a deploying air bag, that there is tremendous, explosive force involved in its deployment and that is why they [drivers] need to sit as far back as possible and be belted-in to maintain positioning away from the air bag." (Report of Wogalter p. 3.) However, the warning label attached to Plaintiff's sun visor mirror cover contained precisely the language required under FMVSS. In a remarkably similar case, the Sixth Circuit recently found that "additional and different warning label" claims are preempted because they conflict with the NHTSA's purpose (avoiding information overload) of requiring the FMVSS 208 warning. *Fisher v. Ford Motor Co.,* 224 F.3d 570, 574 (6th Cir.2000). Thus, Plaintiff's inadequate warning claim is preempted to the extent it is based on Defendant's failure to include additional or different language in its air bag warning.

Plaintiff also claims that Defendant should have placed additional labels identical to the one required by FMVSS 208 in other locations throughout her vehicle. Plaintiff maintains that placing the federally mandated warning only on the sun visor

was inadequate. The district court in *Fisher* considered this issue and concluded identical additional warning claims are not impliedly preempted by FMVSS 208. *Fisher v. Ford Motor Co.*, 13 F.Supp.2d 631, 637–38 (N.D.Ohio 1998). The district court's determination on this issue was not challenged, and therefore, not considered by the Sixth Circuit on appeal. *See Fisher*, 224 F.3d at 574. However, given the comprehensive nature of FMVSS 208 in mandating the federal warning's type, size, color, and location and the NHTSA's concerns about "information overload," the Court questions whether the district court in *Fisher* correctly decided the preemption issue. Nevertheless, the Court need not decide the case on this basis.

 "Under Kentucky law, a plaintiff has the burden of establishing causation in claims of strict liability, as well as in claims of negligence and breach of implied warranty." *Morales v. American Honda Motor Co.*, 71 F.3d 531, 537 (6th Cir.1995). Plaintiff has failed to offer any evidence that placing an identical warning in another location would have prevented her injuries, or even where such a warning should have been placed. To the contrary, Dr. Wogalter called the federally mandated warning inadequate because it failed to assess the dangers of sitting too close to the steering column and not buckling her seat belt. In essence, Dr. Wogalter opined that only additional or different language would have allowed Plaintiff to appreciate the risks associated with air bag deployment. The only logical conclusion from Dr. Wogalter's opinion is that even if Defendant had placed an identical warning in another location in Plaintiff's vehicle and she had read the warning, Plaintiff still would not have understood the precautions needed to avoid injury. Furthermore, Plaintiff has offered no evidence either by deposition testimony or affidavit that she would have changed her behavior if Defendant placed an identical warning in additional locations. Plaintiff has failed to establish how additional identical warnings would have prevented her injuries. Therefore, she cannot sustain her burden of proving causation under this theory either.

The Court will enter an order consistent with this Memorandum Opinion.