Letha **STEWART,** Plaintiff–Appellant,

Olsten–Kimberly Quality Care, Intervenor–Plaintiff–Appellant,

v.

**GENERAL MOTORS CORPORATION,** Defendant–Appellee.

Nos. 02–6207, 02–6270.

United States Court of Appeals, Sixth Circuit.

June 25, 2004.

Kenneth L. Sales, Sales, Tillman & Walbaum, Louisville, KY, for Plaintiff–Appellant.

Donald C. York, Woodward, Hobson & Fulton, Louisville, KY, Thomas J. Sweeney, Eckert, Seamans, Cherin & Mellott, Pittsburgh, PA, for Defendant–Appellee.

BEFORE: BATCHELDER, GIBBONS, and COOK, Circuit Judges.

BATCHELDER, Circuit Judge.

Letha Stewart ("Stewart") appeals the district court's grant of summary judgment in favor of defendant General Motors Corporation ("GM") on Stewart's products liability claims of defective design and failure to warn. Stewart specifically alleges that there are material issues of fact as to whether inadequate warnings and GM's failure to install air bag tethers made the air bag in Stewart's vehicle both defective and unreasonably dangerous. Because we find that Stewart presented no evidence of a causal link between any design defect and her injuries, and because we find that Stewart presented no evidence of a causal link between the allegedly inadequate warning and her behavior, we affirm the district court's grant of summary judgment.

## I.

On December 10, 1997, while Stewart was driving to an appointment in the course of her employment as a home health care aid for Olsten–Kimberly Quality Care, a car swerved into Stewart's lane and hit her car. Stewart thinks she was wearing her seat belt at the time of the accident, but does not remember. Both vehicles were totaled, and both drivers sustained severe injuries requiring hospitalization.

Stewart was driving a used 1996 Buick Century ("Buick") at the time of the accident, which she had purchased from Fern Creek Motors in Louisville, Kentucky approximately one month earlier. GM manufactured and originally sold the Buick, which reached Stewart without any substantial change or alteration from its original condition.

The Buick's air bag deployed in the accident. The parties do not dispute that the air bag properly deployed, or that the air bag caused Stewart's injuries. Stewart does not remember seeing or reading any warnings regarding her car's air bag before the accident.

Stewart's Buick contained the federally mandated warning label in its federally mandated location, the front of the sun visor mirror cover, at the time of the accident. 49 C.F.R. § 571.208, S4.5.1(B)(1). The content of the warning was as follows:

**CAUTION: TO AVOID SERIOUS INJURY:**

For maximum safety protection in all types of crashes, you must always wear your safety belt.

Do not sit or lean unnecessarily close to the air bag.

Do not place any objects over the air bag or between the air bag and yourself. See the owner's manual for further information and explanations.

Although air bags are a safety feature, they have the potential for injuring drivers and passengers because of the force with which they inflate. The risk of injury increases for a person who is sitting too close to the air bag. The risk is especially great for a short person both because her head is lower, and because she may have to sit nearer to the bag. Stewart testified at her deposition that she did not know a person could be injured from an air bag. Stewart "always sat up close" to the steering wheel, where the air bag was located, when she drove her Buick. Stewart was not, however, a woman of short stature; she was five feet, seven and a half inches tall.

## II.

In this diversity case, Stewart must establish Kentucky's two prima facie elements in order to survive summary judgment on her design defect claim: (1) that the air bag in her car had a design defect; and (2) that the design defect was a substantial factor in causing her injuries. *See King v. Ford Motor Co.*, 209 F.3d 886, 893 (6th Cir.2000), cert. denied, 531 U.S. 960, 121 S.Ct. 386, 148 L.Ed.2d 298 (2000).

### A.

Kentucky imposes strict liability when the "design itself selected by the manufacturer amounted to a defective condition which was unreasonably dangerous.'" *Id.* (quoting *Morales v. American Honda Motor Co.*, 71 F.3d 531, 536 (6th Cir.1995)). The Kentucky Supreme Court has held that a product is "unreasonably dangerous" if it creates "such a risk [of an accident of the general nature of the one in question] that an ordinarily prudent company engaged in the manufacture of [such product], being fully aware of the risk, would not have put it on the market[.]"

*Stevens v. Keller Ladders,* 1 Fed.Appx. 452, 457 (6th Cir.2001)(citing *Nichols v. Union Underwear Co.,* 602 S.W.2d 429, 433 (Ky.1980)).

■ Stewart argues that the air bag in her car was unreasonably dangerous, and therefore defective, because it was an "untethered" air bag. "Tethers" are cloth strips sewn on the inside of the air bag to limit rear-ward movement during the inflation process. To meet her burden of proving that "untethered" air bags are unreasonably dangerous and therefore defectively designed, Stewart relies on the affidavit of her only engineering expert, Dr. William Rosenbluth. That expert, however, testified only that another type of air bag exists: a tethered air bag. Even if this Court were to imply from Rosenbluth's affidavit that tethered air bags were less dangerous or less likely to cause injury than untethered air bags, his testimony would still not satisfy Stewart's burden. Under Kentucky law, it is not enough that a "less dangerous" alternative existed; the design used must be "unreasonably dangerous." *Brock v. Caterpillar, Inc.,* 94 F.3d 220, 224 (6th Cir.1996). Stewart does not provide any evidence that an ordinarily prudent manufacturer of automobiles with driver's side air bags, being fully aware of the risks of injury caused by an untethered air bag, would not have put a car with an untethered air bag on the market.

### B.

■ Additionally, Stewart cannot survive summary judgment on her design defect claim because she cannot establish a causal link between the untethered nature of the air bag and her injuries. *See King,* 209 F.3d at 893. Stewart relies on the opinions of her experts to meet her burden. Those opinions do not, however, establish that GM's designing the Buick *with*

*an untethered air bag,* as opposed to another type of air bag, was a substantial factor in bringing about plaintiff's injuries. The district court therefore did not err in granting GM's motion for summary judgment on her defective design claim.

### III.

■ Under Kentucky tort law, in order to survive summary judgment on her failure to warn claim, Stewart must provide evidence that: (1) GM had a duty to warn; (2) the warnings GM gave were inadequate; and (3) the inadequate warnings were the proximate cause of Stewart's injury. *Morales,* 71 F.3d at 537. Even if Stewart's statement that she did not see the sun visor warning were enough to establish both "duty to warn" and "inadequate warning," her claim still fails because she has not presented evidence of a causal link between the *location* of the warning and her injuries.

This Court recognized in *Fisher v. Ford Motor Co.* that the National Highway Transportation Safety Agency's ("NHTSA") federally mandated air bag warning scheme impliedly preempts additional warning labels with *language different* from the label mandated. *Fisher v. Ford Motor Co.,* 224 F.3d 570, 574 (6th Cir.2000). The Court explained that NHTSA feared "information overload" and therefore "NHTSA policy indicated that NHTSA thought of its warning language as not simply the minimum, but as the sole language it wanted on the subject." *Id.* Consequently, the district court properly granted summary judgment to GM on Stewart's failure adequately to warn claim to the extent that claim was based on the argument that state law would require more explicit air bag warning language in the Buick.

Stewart's brief before this Court does not specifically discuss the *location* of the air bag warnings, nor does it cite any evidence that would establish a causal link between the location of the warning and Stewart's injuries. Instead, the brief focuses on the inadequacy of the *language* of the federally mandated warning label. Additionally, Stewart has not stated that if there had been an air bag warning label in a more conspicuous place she would have seen and read it and taken steps to protect herself. *Cf. Fisher v. Ford Motor Co.,* 13 F.Supp.2d. 631, 638 (N.D.Ohio 1998). Finally, the testimony of Stewart's experts does not establish that Stewart would have acted differently if she had seen the federally mandated warnings in other locations.

Stewart failed to demonstrate causation because she has not presented evidence that *if* she had seen the same warning in a different location she would have changed her behavior in a way that would have prevented her from being injured. *Demaree v. Toyota Motor Corp.,* 37 F.Supp.2d. 959, 968 (W.D.Ky.1999). The district court therefore correctly granted summary judgment for GM on Stewart's failure to warn claim.

### IV.

For the foregoing reasons, we AFFIRM the district court's grant of summary judgment.