NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a1155n.06

No. 11-1357

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Nov 08, 2012*

DEBORAH S. HUNT, Clerk

JOHN ADAMS,

    Plaintiff-Appellant,

v.

AUTO RAIL LOGISTICS, INC., et al.

    Defendants-Appellees.

)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN

Before: GILMAN, GIBBONS, and ROGERS, Circuit Judges.

**JULIA SMITH GIBBONS, Circuit Judge.** Plaintiff-appellant John Adams claims that his employers, Auto Rail Logistics, Inc. and Auto Warehousing Company (collectively referred to as "Auto Rail"), and one of its employees, John Corrigan, interfered with his rights under the Family and Medical Leave Act ("FMLA"). A jury found that the defendants would have discharged Adams even if they had not considered his FMLA leave and therefore were not liable. On appeal, Adams argues that the district court improperly denied his motion for summary judgment and erroneously instructed the jury on the "same decision" defense. For the reasons explained below, we dismiss Adams's appeal of the district court's summary judgment order for lack of jurisdiction and find no error in the district court's jury instruction.

No. 11-1357
*John Adams v. Auto Rail Logistics, Inc., et al.*

I.

Auto Rail employed Adams from November 2005 until January 8, 2008, as a Rail Supervisor. From December 26, 2007, until January 8, 2008, Adams did not go to work. He claims that on December 26, 2007, he missed work to care for his sick daughter. Adams testified that human resources manager John Corrigan told him not to return to work until he submitted medical certification supporting his daughter's condition. Relying on Corrigan's instruction, Adams did not return to work, even though he testified that after December 26, he no longer needed to care for his daughter. On January 8, 2008, Adams submitted medical certification to Auto Rail but also received a notice of termination. Adams argues that the FMLA entitled him to fifteen days to provide his employer with medical certification. Because Auto Rail received the certification within fifteen days but nonetheless terminated him, Adams contends that Auto Rail interfered with his rights under the FMLA. The defendants claim that Auto Rail terminated Adams because it believed that Adams misused his leave time under the FMLA. John Corrigan and Adams's supervisor, Bob Wisler, testified that they never told Adams not to return to work until he submitted certification and that, with the exception of a phone call arranged by Corrigan on January 2, 2008, Adams did not communicate with them. They also pointed to past instances of tardiness and absence by Adams.

Adams filed his complaint in district court on June 3, 2009. The court denied both parties' motions for summary judgment. Adams then filed a motion *in limine* requesting the court to prohibit the defendants from "introducing any evidence or argument regarding the 'same decision' defense"

at trial. The court denied Adams's request, and the case was tried from January 27 to 31, 2011. At

the close of trial, the district court provided the following instruction:

> To establish liability for a failure to reinstate an employee needed to care for a family member with a serious health condition, Plaintiff must prove each of these elements by a preponderance of the evidence:
>
> One, Mr. Adams was eligible for leave under the FMLA. Two, Mr. Adams' daughter Tyler had allergic rhinitis, severe food allergy and severe persistent bronchial asthma. Three, Tyler['s] food allergy and severe persistent bronchial asthma was a serious health condition. Four, Mr. Adams was needed to care for Tyler because of that serious health condition. Five, Mr. Adams was absent from work on December 26th, 2007 because he was caring for Tyler. Six, Mr. Adams was able to return to work on December 27th, 2007 and Defendant refused to reinstate Mr. Adams to the same or equal position held by Mr. Adams prior to December 26th, 2007 in part because of his absence on December 26th.
>
> . . . If Plaintiff proves each and every one of these element[s], your decision on the first question regarding liability must be for the Plaintiff. However, if Mr. Adams has satisfied his burden, the Defendants can avoid liability if they prove by a preponderance of the evidence that they would have discharged Mr. Adams even if Defendants had not considered Mr. Adams' absence on December 26th, 2007.

The jury found that Adams proved the above elements, but that the defendants also proved that they

would have terminated Adams even if they had not considered his December 26 absence, shielding

them from liability. This appeal followed.

II.

The FMLA provides eligible employees with twelve weeks of unpaid leave within a twelve-

month period when an employee must care for a child with a serious health condition. 29 U.S.C.

§ 2612(a)(1)(C). An eligible employee who takes leave is entitled, upon return, to be restored to the

same position or its equivalent. 29 U.S.C. § 2614(a)(1). This court has recognized two theories of

recovery under the FMLA: the "entitlement" or "interference" theory and the "retaliation" or "discrimination" theory. *Arban v. W. Publ'g Corp.*, 345 F.3d 390, 400–01 (6th Cir. 2003).

The interference theory arises from the text of the FMLA, which provides that it is unlawful "for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise" rights under the FMLA. 29 U.S.C. § 2615(a)(1). To establish an interference claim, the plaintiff must show that: "(1) he was an eligible employee; (2) Defendant was an employer subject to the FMLA; (3) he was entitled to leave under the FMLA; (4) he gave his employer notice of his intention to take FMLA leave; and (5) Defendant denied him FMLA benefits to which he was entitled." *Romans v. Mich. Dep't of Human Servs.*, 668 F.3d 826, 840 (6th Cir. 2012).

The FMLA does not entitle an employee to "any right, benefit, or position of employment other than any right, benefit, or position to which the employee would have been entitled had the employee not taken the leave." 29 U.S.C. § 2614(a)(3)(B). As a result, "[a]n employee lawfully may be dismissed, preventing him from exercising his statutory rights to FMLA leave or reinstatement, but only if the dismissal would have occurred regardless of the employee's request for or taking of FMLA leave." *Arban*, 345 F.3d at 401; *see also Edgar v. JAC Prods., Inc.*, 443 F.3d 501, 508 (6th Cir. 2006) ("[T]he statute . . . establish[es] that interference with an employee's FMLA rights does not constitute a violation if the employer has a legitimate reason unrelated to the exercise of FMLA rights for engaging in the challenged conduct.").[1]

---

[1]Similarly, the FMLA regulations provide that, "An employee has no greater right to reinstatement or to other benefits and conditions of employment than if the employee had been continuously employed during the FMLA leave period. An employer must be able to show that an

The FMLA provides that an employer may require an employee to support his or her leave with certification issued by the health care provider of the child with a serious health condition. 29 U.S.C. § 2613. An employer should request certification at the time the employee gives notice of the need for leave or within five days, or, if leave is unforeseeable, then five business days after the leave begins. 29 C.F.R. § 825.305(b). Additionally, "[t]he employer may request certification at some later date if the employer later has reason to question the appropriateness of the leave or its duration. The employee must provide the requested certification to the employer within 15 calendar days after the employer's request." *Id.* An employer violates the FMLA if it requests medical certification and then terminates the employee before the fifteen day period has run, absent an independent legitimate reason for termination. *See Killian v. Yorozu Auto. Tenn., Inc.*, 454 F.3d 549, 555 (6th Cir. 2006) (finding a violation of the FMLA when the employer terminated the employee six days after requesting additional certification); *Arban*, 345 F.3d at 401 (finding that an employer is not liable under the FMLA if the dismissal would have occurred regardless of the employee's request for FMLA leave).

### III.

Adams argues that he was entitled to summary judgment because there were no genuinely disputed issues of material fact. Specifically, Adams claims that at the summary judgment stage it was undisputed that (1) he was an eligible employee; (2) Auto Rail was subject to the FMLA; (3)

---

employee would not otherwise have been employed at the time reinstatement is requested in order to deny restoration to employment." 29 C.F.R. § 825.216(a).

Adams was entitled to FMLA leave; (4) Adams gave Auto Rail notice of his intention to take leave; and (5) Auto Rail denied him benefits to which he was entitled.

This court has jurisdiction over "all final decisions of the district courts of the United States." 28 U.S.C. § 1291. The Supreme Court recently clarified that a court of appeals lacks jurisdiction of an appeal of "an order denying summary judgment after a full trial on the merits." *Ortiz v. Jordan*, 131 S. Ct. 884, 889 (2011). Although *Ortiz* leaves open the possibility that cases involving "purely legal issue[s]" may be considered, *id.* at 892, the district court denied summary judgment to Adams because of the existence of "multiple genuine issues of material fact." Consequently, this court does not have jurisdiction to review the district court's denial of Adams's motion for summary judgment.

IV.

Next, Adams argues that the district court erred in instructing the jury on the "same decision" defense because the Sixth Circuit does not recognize it. The standard on appeal for a court's jury instructions is whether, "taken as a whole, [they] fairly and adequately submit[] the issues and applicable law to the jury." *Fisher v. Ford Motor Co.*, 224 F.3d 570, 575–76 (6th Cir. 2000) (quoting *United States v. Martin*, 740 F.2d 1352, 1361 (6th Cir. 1984)). Since the correctness of jury instructions is a question of law, they are reviewed *de novo*. *Id.* Adams cites *Cavin v. Honda of America Manufacturing, Inc.*, 346 F.3d 713 (6th Cir. 2003), for the proposition that "a termination based only in part on an absence covered by the FMLA, even in combination with other absences, may still violate the FMLA." *Id.* at 726 (quoting *Barnett v. Revere Smelting & Ref. Corp.*, 67 F. Supp. 2d 378, 388 (S.D.N.Y. 1999)). The Sixth Circuit reiterated this principle in *Wysong v. Dow*

*Chemical Co.*, 503 F.3d 441, 448 (6th Cir. 2007). Adams argues that this court's statement in *Cavin* is incompatible with the district court's instruction because an employer violates the FMLA so long as the termination was caused in part by an FMLA leave. Adams also claims that to sustain its defense, Auto Rail should have been required to prove fraud under Michigan law by clear and convincing evidence.

Adams's arguments are unavailing because Sixth Circuit precedent supports the district court's jury instruction. In *Edgar* and *Arban*, this court explained that an employer may lawfully dismiss an employee and prevent that employee from exercising rights under the FMLA if the employer would have dismissed the employee regardless of the employee's taking of FMLA leave. *Edgar*, 443 F.3d at 508; *Arban*, 345 F.3d at 401. Moreover, the FMLA entitles an employee to reinstatement only if the employee "takes leave . . . for the intended purpose of the leave." 29 U.S.C. § 2614(a)(1). "Nothing in the FMLA prevents employers from ensuring that employees who are on leave from work do not abuse their leave." *Seeger v. Cincinnati Bell Tel. Co.*, 681 F.3d 274, 284 (6th Cir. 2012) (emphasis omitted) (quoting *Allen v. Butler Cnty. Comm'rs*, 331 F. App'x 389, 395 (6th Cir. 2009)). Fraud and dishonesty are therefore lawful bases for termination. *Id.* However, the defendant is not required to prove the elements of fraud under state law. It need only demonstrate that it believed that the plaintiff was misusing the FMLA such that it would have discharged the plaintiff despite any legitimate FMLA leave. The district court's instruction that defendants could avoid liability "if they prove by a preponderance of the evidence that they would have discharged Mr. Adams even if [d]efendants had not considered Mr. Adams's absence on December 26th, 2007"

is another way of saying that defendants are not liable under the FMLA if they prove that the dismissal "would have occurred regardless of the employee's request for or taking of FMLA leave." *Arban*, 345 F.3d at 401.

*Cavin* and *Wysong* do not undermine the jury instruction. This court in *Cavin* explained that the FMLA regulations suggest that "employment actions affected by [an employee's taking of FMLA leave] are cognizable harms under § 2617." 346 F.3d at 726. But if the employer proves that "dismissal would have occurred regardless of the employee's request for or taking of FMLA leave," then the dismissal is not affected by the employee's FMLA leave. *Arban*, 345 F.3d at 401.

V.

For the foregoing reasons, we dismiss Adams's appeal of the district court's summary judgment order for lack of jurisdiction and find no error in the district court's jury instruction.