RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 05a0118p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

CASEY WILLIAMS, by and through his mother and
next friend, Sara Hart,

　　　　　　　　　　　　*Plaintiff-Appellant/*
　　　　　　　　　　　　　　*Cross-Appellee,*

*v.*

PAINT VALLEY LOCAL SCHOOL DISTRICT, et al.,
　　　　　　　　　　　　*Defendants-Appellees/*
　　　　　　　　　　　　　　*Cross-Appellants.*

Nos. 03-4106/4485

Appeal from the United States District Court
for the Southern District of Ohio at Columbus.
No. 01-00004—Edmund A. Sargus, Jr., District Judge.

Argued: December 2, 2004

Decided and Filed: March 9, 2005

Before: SILER and CLAY, Circuit Judges; BERTELSMAN, District Judge.[*]

---

## COUNSEL

**ARGUED:** Emily J. Lewis, Dublin, Ohio, for Appellant. John C. Albert, CRABBE, BROWN &
JAMES, Columbus, Ohio, for Appellee. **ON BRIEF:** Emily J. Lewis, Dublin, Ohio, for Appellant.
John C. Albert, CRABBE, BROWN & JAMES, Columbus, Ohio, for Appellee.

---

## OPINION

---

### TYPE OF ACTION AND JURISDICTION

　　　　BERTELSMAN, District Judge. This appeal involves claims arising from the alleged
inappropriate touching of a student by a teacher in the Paint Valley Local School District ("Paint
Valley"). Casey Williams ("Williams") alleged the following claims: 1) violation of Title IX, 20

---

[*] The Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky,
sitting by designation.

U.S.C. § 1681, et seq.; 2) violation of 42 U.S.C. §§ 1983 and 1985(3); 3) negligent retention; 4) assault and battery; 5) negligence by defendant Arnold (not a party to this appeal); 6) negligent and/or intentional infliction of emotional distress; 7) invasion of privacy; and 8) loss of consortium.

The district court had subject matter jurisdiction over this matter because the complaint alleged violations of the Constitution and/or laws of the United States, 28 U.S.C. § 1331. This court has jurisdiction to hear appeals from the final judgments of district courts, 28 U.S.C. § 1291.

This court also has jurisdiction to hear Paint Valley's cross-appeal of the district court's denial of Paint Valley's motion for reconsideration as to a specific doctrine of case law, as articulated in *Middlesex Co. Sewerage Auth. v. National Sea Clammers Assoc.*, 453 U.S. 1 (1981).

## FACTS

This matter arises from the alleged inappropriate touching of Casey Williams by Harry E. Arnold, Jr., while Arnold was employed as a teacher by the Paint Valley Local School District. The facts underlying the case were developed during a jury trial.

Williams' claims arose out of numerous incidents of sexual molestation of him by his fourth-grade teacher, Harry E. Arnold, Jr., in September 1999. At least five other grade school boys and their parents had made complaints to school officials and school board members about Arnold's sexual molestation of the boys, including fondling their genitals in the classroom. Complaints were made by four boys in 1976 and another in 1990.

Plaintiff alleged that Paint Valley violated Title IX and his constitutional right to bodily integrity by repeatedly failing to take remedial action to prevent Arnold's sexual molestation of young male students. Plaintiff alleged that Paint Valley knew that Arnold presented a risk to student safety but, by its action or inaction, Paint Valley was deliberately indifferent to this risk.

Paint Valley filed a motion for summary judgment as to all of Williams' claims. The district court granted in part and denied in part Paint Valley's motion for summary judgment. The district court found that issues of fact remained with regard to Williams' § 1983 and Title IX claims and dismissed all other claims alleged in the complaint. Paint Valley filed a motion for reconsideration, urging the court to limit Williams to a Title IX claim, pursuant to the *National Sea Clammers* doctrine.[1]

Following the district court's denial of Paint Valley's motion for reconsideration, the remainder of Williams' claims went to a jury trial. The parties contested one another's proposed jury instructions, with the court finally reaching a resolution and issuing its own jury instructions. The jury returned a verdict in favor of Paint Valley as to all of Williams' claims, and the district court entered judgment consistent with the jury's verdict.

Williams then filed a motion for judgment as a matter of law or, alternatively, for new trial, which the district court denied. Williams timely filed a notice of appeal. Paint Valley then filed its notice of cross-appeal.[2] The primary issue on appeal is the correctness of the jury instructions.

---

[1] The *National Sea Clammers* doctrine states that where the express remedial provisions of a federal statute are sufficiently comprehensive, then it was Congress' intent to bar alternative suits to enforce those same rights. *Middlesex Co. Sewerage Authority v. National Sea Clammers Assoc.*, 453 U.S. 1, 20-21 (1981).

[2] The district court rejected Paint Valley's argument that it could raise an issue for the first time in a motion for reconsideration regarding a doctrine of case law articulated in *Middlesex Co. Sewerage Auth. v. National Sea Clammers Assoc.*, 453 U.S. 1 (1981). We find no error and accept that ruling.

The trial court gave the following instructions on the Title IX claim.  The disputed language is emphasized.

### *TITLE IX*

One of Plaintiff's claims arises under a federal law known as Title IX.  As relevant here, Title IX provides that "No person . . . shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance."  It is agreed by the parties that the Defendant received federal assistance.

Under Title [IX], the School District may be liable for the sexual abuse of a student if the Plaintiff demonstrates by a preponderance of the evidence each of the following elements:
(1.)  Plaintiff Casey Williams was subjected to sexual abuse by the intentional conduct of Harold Arnold;
(2.)  A school district official with authority to institute corrective measures had actual notice that Harold Arnold posed a substantial risk of sexual abuse to children in the school district; and
(3.)  The school district was deliberately indifferent to a substantial risk of sexual abuse posed to the children of the school district.

### *DELIBERATE INDIFFERENCE*

In order for the School District to be liable for acting with deliberate indifference, Plaintiff must demonstrate by a preponderance of the evidence that the School District had actual knowledge of prior facts to which it responded *unreasonably*.  Plaintiff must prove by a preponderance of the evidence that its response to the abuse, or lack thereof is *clearly unreasonable* in light of known circumstances.  No one particular response is required.  A school district's duty to respond may be sparked once it is alerted to the possibility of a sexual abuse.  If the school district takes timely measures to end a *substantial risk* of abuse, it is not deliberately indifferent [if] such measures are not *clearly unreasonable*.

Where a school district has knowledge that its remedial action is inadequate and ineffective, it is required to take *reasonable action* in light of those circumstances to eliminate the behavior.  Where a school district has actual knowledge that its efforts to remediate are ineffective, and it continues to use those same methods to no avail, such district has failed to act *reasonably* in light of the known circumstances.

(emphasis added).

The trial court gave the following instructions on the § 1983 claim.  Again, the disputed language is emphasized.

### *42 U.S.C. § 1983*

Plaintiff also asserts a claim under the federal civil rights statute, 42 U.S.C. § 1983.  That statute provides:

Every person who, under color of statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United

States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured. . . .

This federal civil rights act was enacted by Congress to enforce the Fourteenth Amendment to the United States Constitution. In order to proceed on a Section 1983 claim, the Plaintiff must show by a preponderance of the evidence that he has been deprived of a constitutional right by a person acting under color of state law. The parties agree that Harold Arnold, as a public school teacher, was acting under color of state law, as that term is used in Section 1983. The Due Process clause of the Constitution protects individuals against state intrusions on bodily security. A public student's right to personal security and to bodily integrity is protected by the Constitution. That right embraces the right to be free from sexual abuse at the hands of a public school employee. In other words, you must first find by a preponderance of the evidence that Harold Arnold violated Casey Williams' constitutional rights by sexually abusing or harassing Casey Williams.

If you find that Plaintiff has failed to prove by a preponderance of the evidence that Harold Arnold deprived Casey Williams of his constitutional right, Plaintiff has not proved his claim under Section 1983.

### *42 U.S.C. § 1983 - CONTINUED*

If you determine that Plaintiff has proved that Harold Arnold violated his constitutional rights, you must next determine whether the School District itself was responsible for that violation. The School District is not liable simply because Harold Arnold sexually abused the Plaintiff. In order to prevail on a Section 1983 claim, the Plaintiff must demonstrate: (1) that there has been a deprivation of a constitutional right; and (2) that the School Board is responsible for that violation. The Plaintiff must show that the School District itself is the wrongdoer.

A school district may be liable under Section 1983 if it had an officially executed policy, or the toleration of a custom within the school district leads to, causes, or results in the deprivation of a constitutional right. A custom must reflect a course of action deliberately chosen from among various alternatives. In short, a "custom" is a practice or policy not memorialized by written law.

In this case, Plaintiff Casey Williams seeks to hold the Paint Valley Local School District liable for the acts, failure to act, or decisions of school officials. You may find the School District liable for the acts or decisions of its officials only if the Plaintiff has proven that the officials or official had the authority to establish policy for the school and that decisions, actions or failure to act caused injury to the Plaintiff. In other words, the School District can only be held liable if the officials' acts or omissions can be fairly said to represent official policy of the school.

In the present case, Plaintiff does not claim that the Paint Valley School District affirmatively approved of or condoned sexual abuse, but rather claims that the School District failed to act properly with respect to the allegations against Harold Arnold. In order to prevail on his Section 1983 claim, Plaintiff must establish by a preponderance of the evidence each of the following:

(1.) The existence of a clear and persistent pattern of sexual abuse or a *substantial risk* of sexual abuse by a school employee;

(2.) Notice of such pattern, or *substantial risk*, of sexual abuse on the part of the School District;

(3.) The School District was deliberately indifferent to known facts which demonstrated an *unreasonable risk* to the safety of student; and

(4.) That the School District's deliberate indifference was a moving force or was a direct causal link in the constitutional deprivation. *In such case, the School District's failure to act can be said to amount to an official policy of inaction.*

(emphasis added).

## ANALYSIS

### Standard of Review as to Jury Instructions

In the Sixth Circuit, it is well established that jury instructions are reviewed as a whole and that an issue as to instructions is a question of law that is reviewed *de novo. Fisher v. Ford Motor Co.*, 224 F.3d 570, 576 (6th Cir. 2000). On appeal, the task of the court is not to read the instructions word for word to find an erroneous word or phrase, but rather to "review the instructions 'as a whole in order to determine whether they adequately inform the jury of the relevant considerations and provide a basis in law for aiding the jury in reaching its decision.'" *O-So Detroit, Inc. v. Home Insurance Co.*, 973 F.2d 498, 502 (6th Cir. 1992)(quoting *Kitchen v. Chippewa Valley Schools,* 825 F.2d 1004, 1010-1011 (6th Cir. 1987)).

Appeals as to specific jury instructions, however, that were not given by the district court are reviewed for abuse of discretion. *Id.* As succinctly stated in *Fisher*:

The standard on appeal for a court's charge to the jury is whether the charge, taken as a whole, fairly and adequately submits the issues and applicable law to the jury. . . . Because the correctness of jury instructions is a question of law, we review de novo a court's jury instructions. . . . *A district court's refusal to give a specific requested jury instruction, however, is reviewed for abuse of discretion.*

*Fisher,* 224 F.3d at 575-76 (emphasis added; internal citations omitted). *See also Jones v. Federated Financial Reserve Corp.*, 144 F.3d 961, 966 (6th Cir. 1998); *United States v. Frost*, 914 F.2d 756, 764 (6th Cir. 1990); *United States v. Martin*, 740 F.2d 1352, 1361 (6th Cir. 1984).

In the present case, Williams is seeking review of specific legal standards of liability. The appeal is as to questions of law embodied in the instruction. Therefore, because it is a question of law, the instructions are reviewed *de novo*. Since the instructions are reviewed as a whole to determine if the instructions adequately informed the jury, we have quoted them at length above.[3]

### Title IX Claim

Title IX provides that "No person . . . shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). This includes the duty not to discriminate on the basis of sex, which encompasses a teacher's sexual harassment of

---

[3]Paint Valley contends that Williams failed to preserve his objections to the instructions. F. R. Civ. P. 51. The trial court held that the objections were preserved, however, and we accept that ruling.

a student.   *Gebser v. Lago Vista Independent School District*, 524 U.S. 274, 282 (1998)(*citing Franklin v. Gwinnett County Public Schools*, 503 U.S. 60, 74-75 (1992)).

Title IX may be enforced through federal administrative agencies "through any means authorized by law" including termination of federal funding. *Gebser*, 524 U.S. at 280-81. Title IX is also enforceable through an implied right of action where monetary damages are available. *Id.*

The parties agree that the leading cases addressing this claim are *Davis v. Monroe County Board of Education*, 526 U.S. 629 (1999), and *Gebser v. Lago Vista Independent School District*, 524 U.S. 274 (1998). In *Gebser*, which involved the harassment of a student by a teacher, it was established by the Supreme Court that a school district can be held liable in damages for the sexual harassment if it is proven that the school district had actual notice and exhibited deliberate indifference to the alleged harassment. *Id.* at 292. *Gebser* explained that deliberate indifference of a school district is shown where there is an official or other person with authority to take corrective action, who has "actual knowledge of [the abuse], and fails adequately to respond." *Id.* at 290. Further, the response must "amount to deliberate indifference." *Id.*

A year after *Gebser,* the Court addressed the liability of a school district under Title IX for student-on-student sexual harassment. *Davis v. Monroe County Bd. of Educ.,* 526 U.S. 629 (1999). Expanding on *Gebser,* the Court held that a similar right to sue arose under appropriate circumstances. The court eschewed any negligence or *respondeat superior* liability. *Davis*, 526 U.S. at 645. Relying on its analysis in *Gebser,* the Court observed: "As noted above, the theory of *Gebser* was that the recipient was *directly* liable for its deliberate indifference to discrimination." *Id.* (emphasis in original).

The Court further noted:

School administrators will continue to enjoy the flexibility they require so long as funding recipients are deemed "deliberately indifferent" to acts of student-on-student harassment only where the recipient's response to the harassment or lack thereof is *clearly unreasonable* in light of the known circumstances. The dissent consistently mischaracterizes this standard to require funding recipients to "remedy" peer harassment, . . . and to "ensur[e] that . . . students conform their conduct to" certain rules, . . . . Title IX imposes no such requirements. On the contrary, the recipient must merely respond to known peer harassment in a manner that is *not clearly unreasonable*. This is not a mere "reasonableness" standard, as the dissent assumes. See *post*, at 1688. In an appropriate case, there is no reason why courts, on a motion to dismiss, for summary judgment, or for a directed verdict, could not identify a response as not "clearly unreasonable" as a matter of law.

*Id.* at 648. (emphasis added).

It is clear from a reading of *Gebser* and *Davis,* that the Court is discussing only one standard for "deliberate indifference" in Title IX pupil harassment cases and not, as Williams contends, one standard for student-on-student harassment and a less stringent standard for teacher-on-student harassment. The rule advocated by Williams, a "reasonableness" standard for teacher-on-student cases, would make the district liable for mere negligence, an approach expressly rejected by the Court.

The post-*Davis* decisions of this court have applied but one standard. Thus, in a student-on-student case we commented that under the facts: "[t]he prompt and thorough response by school officials to the . . . complaint [of harassment] was not '*clearly unreasonable* in light of the known circumstances.'" *Soper v Hoben,* 195 F.3d 845, 855 (6th Cir. 1999)(emphasis added).

Even more persuasive is this court's discussion in another student-on-student case, *Vance v. Spencer County Public School Dist.,* 231 F.3d 253 (6th Cir. 2000).  There, we discussed *Gebser, Davis,* and an Eighth Amendment prison case as instructive in interpreting applicable deliberate indifference standards:

> The pivotal issue before us is what is required of federal assistance recipients under the "deliberate indifference standard."  The recipient is liable for damages only where the recipient itself intentionally acted in clear violation of Title IX by remaining deliberately indifferent to known acts of harassment. *See Davis*, 526 U.S. at 642, 119 S.Ct. 1661 (discussing *Gebser v. Lago Vista School Dist.*, stating liability arose from recipient's official decision not to remedy the violation).  "[T]he deliberate indifference must, at a minimum, 'cause [students] to undergo harassment or make them liable or vulnerable' to it." *Davis*, 526 U.S. at 645, 119 S.Ct. 1661.

> In describing the proof necessary to satisfy the standard, the Supreme Court stated that a plaintiff may demonstrate defendant's deliberate indifference to discrimination "only where the recipient's response to the harassment or lack thereof is clearly unreasonable in light of the known circumstances." *Id.* at 648, 119 S.Ct. 1661 *Cf. Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct.  1970, 128 L.Ed.2d 811 (1994)(holding that a prison official may be liable under the Eighth Amendment based on deliberate indifference to the safety of prisoners if he knows of, and responds unreasonably to, "a substantial risk of serious harm"); *Gant v. Wallingford Bd. of Educ.*, 195 F.3d 134 (2d Cir. 1999)(stating that, under § 1981, a student-on-student racial discrimination claim does not require proof that "the defendant fully appreciated the harmful consequences of that discrimination, because deliberate indifference is not the same as action (or inaction) taken `maliciously or sadistically for the very purpose of causing harm'")(quoting *Farmer*, 511 U.S. at 835, 114 S.Ct. 1970 (internal quotation marks omitted)).

> \* \* \* \* \*

> "The Supreme Court has pointedly reminded us, however, that this is `not a mere "reasonableness" standard' that transforms every school disciplinary decision into a jury question." *Gant*, 195 F.3d at 141 (quoting *Davis*, 526 U.S. at 649, 119 S.Ct. 1661).  In an appropriate case, there is no reason why courts on motion for a directed verdict could not identify a response as not "clearly reasonable" as a matter of law. *See Gant*, 195 F.3d at 141.

*Vance*, 231 F.3d at 259-260.

Williams argues that the Title IX instruction of the trial court, which closely followed the quoted language of *Vance*, was confusing to the jury in that it imposed the obligation on the appellant to show that the defendant acted "clearly unreasonably" when the standard is one of mere reasonableness.

He further argues that the "clearly unreasonable" standard is to be employed only in peer harassment, and that the less stringent reasonableness standard applies in teacher harassment cases.

As we have stated, the trial judge disagreed and so do we.  The Court in *Davis* was explaining the standard laid down in *Gebser*.  There is no indication that a different standard was intended by the Court in peer harassment cases and teacher harassment cases.

Williams also objects to the use of the "substantial risk" gloss in the instructions given by the trial court.  Such language, however, was employed in *Vance* in the above quotation, where we

held that the Supreme Court's discussion of "deliberate indifference" in an Eighth Amendment case was applicable to the school context.

A reading of the Eighth Amendment case of *Farmer* discloses that the Court used the "substantial risk" language as equivalent to "significant risk." *See Farmer v. Brennan*, 511 U.S. 825, 839 (1994). The idea was to make clear that "deliberate indifference" liability could not rest on actual or constructive knowledge of an inconsequential risk.

In our view, the jurors would have read the instruction in this way, and the instruction is a correct statement of the law.

## Section 1983 Claim

We find no fault in the trial court's § 1983 instruction. It was based on *Doe v. Claiborne County Bd. of Educ.,* 103 F.3d 495, 507 (6th Cir. 1996), a teacher harassment case.

There, after noting that § 1983 municipal liability requires proof of an unconstitutional policy, the court said:

> In addition to showing that the School Board as an entity "caused" the constitutional violation, plaintiff must also show a direct causal link between the custom and the constitutional deprivation; that is, she must "'show that the particular injury was incurred *because* of the execution of that policy.'" *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)(emphasis added) (citation omitted), *cert. denied*, 510 U.S. 1177, 114 S.Ct. 1219, 127 L.Ed.2d 565 (1994). This requirement is necessary to avoid *de facto respondeat superior* liability explicitly prohibited by *Monell*.

> The analytical difficulty in this case stems from the type of "custom" that the plaintiff claims directly caused Davis to sexually abuse her. Doe does not claim that the School Board had a custom of affirmatively condoning sexual abuse. Clearly, no municipality could have such a policy. Rather, Doe claims that the custom was to *fail to act* to prevent the sexual abuse.

> To state a municipal liability claim under an "inaction" theory, Doe must establish:

>> (1) the existence of a clear and persistent pattern of sexual abuse by school employees;
>> (2) notice or constructive notice on the part of the School Board;
>> (3) the School Board's tacit approval of the unconstitutional conduct, such that their deliberate indifference in their failure to act can be said to amount to an official policy of inaction; and
>> (4) that the School Board's custom was the "moving force" or direct causal link in the constitutional deprivation.

> *See City of Canton v. Harris*, 489 U.S. 378, 388-89, 109 S.Ct. 1197, 1204-05, 103 L.Ed.2d 412 (1989); *see also Thelma D. v. Board of Educ. of City of St. Louis*, 934 F.2d 929, 932-33 (8th Cir. 1991). The *Monell* custom requirement is an essential element of this claim. The *evidence must show that the need to act is so obvious that the School Board's "conscious" decision not to act can be said to amount to a "policy" of deliberate indifference to Doe's constitutional rights. City of Canton*, 489 U.S. at 389, 109 S.Ct. at 1205. "Deliberate indifference" in this context does not mean a collection of sloppy, or even reckless, oversights; it means evidence showing an obvious, deliberate indifference to sexual abuse.

103 F.3d at 508 (emphasis added). (See also *Doe v. City of Roseville*, 296 F.3d 431 (6th Cir. 2002)(approving analysis articulated in *Claiborne*).

The trial court's § 1983 instruction paraphrases our language in *Claiborne* and is a correct statement of the law.  Appellant finds fault with the fact that the trial court did not employ a separate definition for "deliberate indifference" in the § 1983 count.  Williams recognized that the jury would use the instruction on the Title IX count in the § 1983 count, but claims the instructions for the two claims should have been different.

As we stated above, however, "deliberate indifference" has substantially the same meaning in both claims, as well as Eighth Amendment claims.  *See Flores v. Morgan Hill Unified School Dist.*, 324 F.3d 1130, 1135 (9th Cir. 2003)(citing *Davis v. Monroe County Bd. Of Educ.*, 526 U.S. 629 (1999)), for the standard for deliberate indifference in Section 1983 cases); *Gant v. Wallingford Bd. of Educ.*, 195 F.3d 134, 141 (2d Cir. 1999)(discussing *Gebser*, *Davis* and *Farmer*, and 42 U.S.C. § 1981 as embodying the same "deliberate indifference" standard).

Accordingly, finding no error in the trial court's instructions, nor in the trial court's denial of Paint Valley's Motion to Reconsider, we **AFFIRM** the rulings of the district court in full.