NOT RECOMMENDED FOR PUBLICATION
File Name: 08a0158n.06
Filed: March 21, 2008

No. 06-1542

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| ROGER DUANE EATON; DAVID EATON; SHERI WEIGAND, | ) | |
| | ) | |
| | ) | |
| Plaintiffs-Appellants, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | WESTERN DISTRICT OF MICHIGAN |
| CHARTER TOWNSHIP OF EMMETT, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |

Before: SUHRHEINRICH, COLE, and GIBBONS, Circuit Judges

**JULIA SMITH GIBBONS, Circuit Judge.** Plaintiffs-appellants Roger Duane Eaton, David Eaton, and Sheri Weigand appeal the judgment rendered following a jury verdict in favor of defendant-appellee Charter Township of Emmett ("Emmett"). Before the district court, appellants claimed, first, that Emmett's failure to properly notify appellants of plans to demolish appellants' buildings violated appellants' procedural due process rights under the Fourteenth Amendment; and second, that Emmett's demolition of the buildings constituted a taking in violation of the Fifth Amendment. A jury found no due process violation, and the district court dismissed the takings claim as unripe. On appeal, appellants argue that the district court erred by: (1) improperly instructing the jury with respect to the due process claim; (2) dismissing appellants' takings claim;

1

and (3) refusing to admit evidence regarding the value of appellants' property. For the following reasons, we AFFIRM.

I.

The facts are relatively uncontested by the parties. Appellants own a parcel of property located at 16 Pickford Avenue in Emmett Township. Several buildings were previously located on the property prior to being demolished by Emmett. On January 7, 2003, the Emmett Township Building Inspector issued a Notice of Dangerous Building. The notice called for a hearing on February 4, 2003 to address the buildings' demolition. Appellants, accompanied by counsel, attended that hearing. Following the hearing, the hearing officer issued a Dangerous Building Order, requiring that the buildings either be demolished or otherwise made safe. On March 27, 2003, another Notice of Dangerous Building was issued, notifying appellants that the matter was again set for hearing before the Emmett Township Board of Trustees on April 10, 2003.

At the April hearing, after appellants and an Emmett representative provided comments, the Board approved a motion to seek bids for the demolition of the buildings located on the appellants' property and to have the bids ready for review at the Board meeting scheduled for June 12, 2003. At the June meeting, the Board revisited the issue of the buildings' demolition and accepted one of the demolition bids submitted following the April hearing. Appellants contend that they did not attend the June meeting because they had no way of knowing that the Board would address at this meeting whether the buildings would be demolished.

Appellants asserted two claims in district court: a procedural due process claim based on Emmett's failure to provide adequate notice; and a Fifth Amendment takings claim based on

Emmett's demolition of the buildings. The district court found that it lacked subject matter jurisdiction over the takings claim because it was unripe. The procedural due process claim proceeded to the jury, which found no such violation.

II.

Appellants first challenge the jury instructions given regarding their due process claim. Appellants contend that (1) the jury instructions did not adequately summarize the relevant legal principles pertaining to their due process claim, and (2) the district court should have utilized the jury instructions that appellants provided. We are not persuaded by either argument.

A.

Appellants first challenge the correctness of the district court's instructions regarding their procedural due process claim. The correctness of jury instructions is an issue of law that we review *de novo*. *Fisher v. Ford Motor Co.*, 224 F.3d 510, 576 (6th Cir. 2000). Jury instructions are reviewed as a whole, and the relevant inquiry is whether "they adequately inform the jury of the relevant considerations and provide a basis in law for aiding the jury in reaching its decision." *Williams ex rel. Hart v. Paint Valley Local School Dist.*, 400 F.3d 360, 365 (6th Cir. 2005) (internal quotation marks omitted); *see also Fisher*, 224 F.3d at 575-76 ("[T]he charge, taken as a whole, [must] fairly and adequately submit[] the issues and applicable law to the jury.").

In relevant part, the district court charged the jury as follows:

> [T]o establish a procedural due process claim pursuant to 42 U.S.C. § 1983 . . . , the Plaintiffs have the burden of proof to establish three elements: 1) that they had the life, liberty or property interest protected by the due process clause of the Fourteenth Amendment to the United States Constitution . . . 2) that they were deprived of this protected interest, and, 3) that Emmett Township did not afford them adequate procedural rights prior to depriving them of their protected interest.

Now, a fundamental requirement of due process is notice reasonably calculated under all the circumstances to notify interested parties of the pendency of the action and afford them an opportunity to present their objections. The notice must be of such nature as reasonably [sic] to convey the required information, and it must afford a reasonable time for those interested to make their appearance.

In essence, appellants argue that this instruction did not adequately inform the jury of the relevant considerations regarding whether Emmett's notice satisfied the Due Process Clause. In our view, however, this charge adequately summarized the relevant legal principles governing appellants' claim. Where the state interferes with an individual's protected property interest, procedural due process requires that he or she be given adequate notice and an opportunity to be heard prior to the deprivation. *See, e.g.*, *Cash v. Hamilton County Dep't of Adult Prob.*, 388 F.3d 539, 544 (6th Cir. 2004) (citing *United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 48 (1993)). The relevant inquiry is whether notice is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cen. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1953); *accord Cash v. Hamilton County*, 388 F.3d at 544.

The district court's instructions on this point constituted an accurate statement of the law. Appellants only alleged that they were not sufficiently notified that the Board would consider demolishing their buildings at the June meeting. They did not claim that they would have been prevented from presenting evidence had they attended the meeting. Therefore, the district court appropriately confined its jury instructions to the procedural due process requirement of adequate notice. The district court correctly explained that notice needs to be reasonably calculated, under all

the circumstances, to apprise an interested party of the pending action and provide sufficient time for that interested party to make arrangements to appear and offer any objections.

                                                    B.

Appellants also challenge the court's refusal to give a number of proposed instructions. Where a party challenges the district court's refusal to give a specific instruction, that refusal is reviewed for abuse of discretion. *Fisher,* 224 F.3d at 576; *see also Williams*, 400 F.3d at 365. We will find reversible error where "(1) the omitted instruction is a correct statement of the law, (2) the instruction is not substantially covered by other delivered charges, and (3) the failure to give the instruction impairs the requesting party's theory of the case." *Tompkin v. Phillip Morris USA, Inc.*, 362 F.3d 882, 901 (6th Cir. 2004).

A review of appellants' proposed instructions, however, demonstrates the propriety of the district court's decision not to instruct the jury as requested. First, appellants challenge the district court's refusal to instruct the jury that the demolition of appellants' buildings by defendant was justified only if the structures posed an immediate danger to the public. Appellants' argument on this point is without merit. Whether the buildings should have ultimately been destroyed was not pertinent to appellants' procedural due process claim—which involves the sufficiency of the *notice* appellants were provided. Accordingly, the district court properly refused to so instruct the jury.

Second, appellants argue that the district court erroneously failed to instruct the jury that the Due Process Clause requires that the defendant provide them with certain procedural safeguards prior to depriving them of property including: (1) notice of a hearing concerning demolition; (2) a hearing; (3) a reasonably definite statement of the charge or charges against them; (4) the right to

cross-examine adverse witnesses; (5) the right to produce witnesses on their own behalf; and (6) full consideration and a fair determination according to the evidence. The first three requirements encompass the general notice and hearing requirements imposed by the Due Process Clause and were therefore duplicative of the district court's instructions. The latter three requirements were not relevant to appellants' claim before the district court. Assuming *arguendo* that appellants' instruction correctly states the law, their asserted injury is a lack of notice regarding the June meeting, and the jury was properly instructed on this issue. Again, appellants do not claim that had they attended the June meeting, they would not have been provided the additional procedural safeguards that they assert would have been required. Accordingly, the district court's refusal to instruct the jury in the manner appellants suggested had no impact on appellant's claim.

Third, appellants argue that the district court was obligated to instruct the jury that Emmett's failure to follow the notice and hearing requirements imposed upon it by city ordinance would constitute a due process violation. This argument also fails. The requirements of procedural due process are measured against constitutional standards. *See, e.g.*, *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541-42 (1985). Thus, a violation of an Emmett ordinance only violates the Due Process Clause to the extent that the procedures afforded appellants were also constitutionally deficient. Consequently, appellants' suggested instruction was not an accurate statement of the law and the district court was correct in refusing to so instruct the jury.

Finally, appellants challenge the district court's refusal to instruct the jury as to the defendant's burden of proof with respect to their procedural due process claim. But *appellants* bore the burden of proof on their procedural due process claim. Appellants' reliance on *Jones v.*

*Eaton, et. al. v. Emmett*, No. 06-1542

*Consolidated Rail Corporation*, 800 F.2d 590 (6th Cir. 1986), is misplaced. *Jones* concerned neither

procedural due process, nor § 1983 litigation. Rather, *Jones* addressed an employer's duty to prove

a plaintiff-employee's failure to mitigate his or her damages under the Federal Employer Liability

Act. The district court properly instructed the jury that appellants bore the burden of establishing

that the defendant violated their procedural due process rights.

Accordingly, we conclude that the district court did not abuse its discretion in failing to give

any of the requested instructions.

### III.

Appellants next contend that the district court erred by dismissing without prejudice their

takings claim for lack of subject matter jurisdiction because it was unripe.[1] The district court raised,

*sua sponte*, the issue of ripeness. It found that appellants had neither sought state compensation for

the alleged taking nor shown the state remedies to be inadequate. Accordingly, the district court

concluded that to the extent that appellants raised a Fifth Amendment takings claim, any such claim

---

[1] There is some question as to whether appellants actually made a Fifth Amendment takings claim. Their amended complaint provided that "[Emmett] by failing to give notice to [appellants] of their intent to hold a hearing on the demolition of the buildings . . . violated the [appellants'] constitutional rights under the Fifth Amendment of the Constitution of the United States by depriving them of property without due process of law and of taking property for public use without just compensation."

But appellants' brief now argues that "[t]he taking was not for public use." Similarly, in response to the district court's Order to Show Cause, appellants argued that "[t]he complaint is not that [Emmett] has made a de facto taking of property for public use 'without providing just compensation' . . . [but that Emmett destroyed appellants'] property pursuant to their police powers without due process of law, a constitutional tort."

Regardless, the district court only concluded that: "Insofar as Plaintiffs' amended complaint seeks to assert a takings claim, such claim is dismissed without prejudice." To the extent that appellants did not intend to make a takings claim, dismissal of this claim is inconsequential.

7

*Eaton, et. al. v. Emmett*, No. 06-1542

was unripe, and it lacked subject matter jurisdiction to hear such a claim . We agree that any takings claim was unripe.

A.

We review issues of justiciability, including ripeness, *de novo*. *Ammex, Inc. v. Cox*, 351 F.3d 697, 706 (6th Cir. 2003) (citing *NRA of Am. v. Magaw*, 132 F.3d 272, 278 (6th Cir. 1997)).

B.

"Article III of the Constitution limits the jurisdiction of federal courts to consideration of actual cases and controversies, and federal courts are not permitted to render advisory opinions." *Arnett v. Myers,* 281 F.3d 552, 562 (6th Cir. 2002) (internal citation omitted). Therefore, federal courts must dismiss claims that are unripe. *Id.* (internal quotation and citation omitted).

In *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, the Supreme Court concluded that a Fifth Amendment takings claim is not ripe if: (1) the initial decisionmaker has not issued its final decision, or (2) the property owner has not sought compensation through procedures established by a state. 473 U.S. 172, 190-94 (1985); *see also DLX, Inc., v. Kentucky*, 381 F.3d 511, 518 (6th Cir. 2004). Where the government's action constitutes a "physical" as opposed to a "regulatory" taking, the finality requirement will likely be satisfied; but an aggrieved landowner still must seek compensation before her claim will be ripe. *See Arnett,* 281 F.3d at 563-64 (concluding that agency's physical taking constituted its final, definitive position, but analyzing whether Tennessee had an adequate remedy available to seek compensation); *see also Villager Pond, Inc. v. Town of Darien,* 56 F.3d 375, 380 (2d Cir. 1995) ("Even in physical taking cases, compensation must first be sought from the state if adequate

8

procedures are available.") (quoting *Sinaloa Lake Owners Ass'n v. City of Simi Valley*, 882 F.2d 1398, 1402 (9th Cir. 1989) (overruled on other grounds)). In this case, appellants have not sought compensation—through inverse condemnation or otherwise. Accordingly, the district court concluded that appellants had not satisfied the second *Williams* requirement.[2]

As the district court explained, "[t]he Fifth Amendment does not proscribe the taking of property; it proscribes taking without just compensation," *Williamson*, 473 U.S. at 194 (internal citation omitted). Thus, where a state provides a "reasonable, certain, and adequate" avenue for obtaining compensation for a governmental taking of an individual's property, no takings claim exists until the aggrieved party has sought, and been denied, just compensation through available remedies. *Id.* at 194-95 (citation omitted); *see also Coles v. Granville*, 448 F.3d 853, 860-61 (6th Cir. 2006).

The Michigan Constitution provides an inverse condemnation remedy for all property owners whose property is taken for public use. Mich. Const. Art 10, § 2. Property owners may seek compensation for a taking by filing an action for inverse condemnation. *See, e.g.*, *Merkur Steel Supply Inc. v. City of Detroit*, 680 N.W.2d 485, 494-95 (Mich. Ct. App. 2004). "An inverse condemnation suit is one instituted by a private property owner whose property, while not formally

---

[2] Emmett ordinance Numer 19 § VIII, 3-22-1977 allows an "owner . . . aggrieved by any final decision of the township board [to] appeal the decision or order to the county circuit court by filing a petition . . . within 20 days from the date of such decision." Although there is no indication that appellants appealed the Board's decision to demolish the buildings, we assume *arguendo* that the Board's decision and action in demolishing the buildings still constituted the initial decisionmaker's final decision. *See Williamson,* 473 U.S. at 193 (explaining that the "finality requirement" does not amount to an "exhaustion requirement"); *see also DLX,* 381 F.3d at 518-19 ("exhaustion is never required in § 1983 suits") (citing *Patsy v. Fla. Bd. of Regents*, 457 U.S. 496 (1982).

taken for public use, has been damaged by a public improvement undertaking or other public activity." *Id.* at 494. Thus, the government need not act through its formal eminent domain powers for property owners to seek inverse condemnation. *Id.* at 495.[3]

Still appellants seem to argue that the remedies provided by Michigan law for seeking compensation are inadequate. In so doing, appellants rely on *Kruse v. Village of Chagrin Falls*, 74 F.3d 694 (6th Cir. 1996). But in *Kruse*, this court found that plaintiff's claims were not unripe because Ohio did *not* provide for inverse condemnation or have another adequate remedy for an aggrieved property owner to seek compensation. *Id.* at 698 (noting that "[o]f particular importance [is that] unlike . . . a number of other states which have explicit statutory procedures governing inverse condemnation to compensate landowners whose property has been taken . . . *Ohio does not have such a statute*") (emphasis in original). As noted above, however, Michigan – unlike Ohio at the time of the *Kruse* decision – does provide an adequate remedy for obtaining compensation.

Although appellants assert that this was a "physical" rather than "regulatory" taking, even if this is true, the distinction is of no consequence.[4] As this court has noted, the distinction between

_____

[3] Appellants suggest that because Emmett was acting through its police power rather than through its eminent domain power, it was not required to seek compensation. But this distinction is irrelevant. Assuming Emmett's actions constituted a taking, appellant could seek compensation through inverse condemnation. *See*, *e.g., Fruman v. City of Detroit*, 1 F. Supp. 2d 665, 676 (E.D. Mich. 1998) (stating that "under established Michigan law [the fact that the municipality] was acting under its 'police power' and not its 'eminent domain power' is irrelevant").

[4] To be sure, for some time this distinction was significant in determining whether Ohio's mandamus provision constituted an adequate means for obtaining just compensation. *Compare Kruse*, 74 F.3d at 700-01 (concluding that mandamus did not provide an adequate means of obtaining compensation in Ohio where physical taking was at issue) *with Silver v. Franklin Township,* 966 F.2d 1031, 1035 (6th Cir. 1992) (where takings claim resulted from zoning regulation, concluding that mandamus provision was adequate for obtaining compensation). In any event, even in this context the distinction no longer seems to matter. *See River City Capital,* 491

physical and regulatory takings is "fuzzy at best." *River City Capital*, *L.P. v. Bd. of County Comm'rs,* 491 F.3d 301, 307 (6th Cir. 2007) (citing *Lingle v. Chevron U.S.A.*, *Inc.*, 544 U.S. 528, 539 (2005)). But we need not determine whether this alleged taking was physical or regulatory. Assuming *arguendo* that Emmett's demolition of the buildings constituted a physical taking, appellants were still required to seek compensation, which they clearly have not done.

Finally, *Pohutski v. City of Allen Park*, 641 N.W. 2d 219 (Mich. 2002), is not to the contrary. In *Pohutski*, the Michigan Supreme Court held that the Michigan Constitution does not provide an implied cause of action against local governmental entities for constitutional torts. *Id.* at 234. But whether appellants can recover against Emmett based on a trespass theory is not relevant to whether Michigan provides adequate remedies for seeking compensation.

Having not yet availed themselves of avenues available for compensation under Michigan law, appellants' takings claim is not ripe, and federal courts lack jurisdiction to hear it. Therefore, the district court appropriately dismissed appellants' takings claim.

IV.

Finally, appellants challenge the district court's refusal to admit evidence regarding the value of appellants' property as an indication of damages for the alleged violation of appellants' due process rights or to allow appellant Roger Eaton to give testimony as to the value of the property.

We need not reach these issues, which relate only to damages. The jury found appellants' procedural due process rights were not violated, and we have concluded that the district court did not err in providing its charge to the jury. Because no damages are in order, any alleged error

F.3d at 307 (mandamus is an adequate remedy "whether [the] taking is a regulatory or a physical one") (quoting *Coles*, 448 F.3d at 861)).

*Eaton, et. al. v. Emmett*, No. 06-1542

regarding the measure of damages was harmless and does not justify disturbing the jury verdict and

judgment of the district court. *See* Fed. R. Civ. Proc. 61.

V.

For the foregoing reasons, we AFFIRM.